# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **DEANDRE PIERCE, on behalf of himself, all others similarly situated, and on behalf of the general public,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**QUALITY DRIVE AWAY, INC.; and DOES 1-100,**<br><br>**Defendant.** | **Case No.: EDCV 23-01394-CJC (SHKx)**<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO REMAND [Dkt. 14]** |

In this case, Plaintiff Deandre Pierce, a freight hauler, alleges wage and hour violations against Defendant Quality Drive Away, Inc.  (Dkt. 2 [Complaint].)  Defendant removed the case asserting that the Court has diversity jurisdiction.  (Dkt. 1 [Notice of Removal, hereinafter "NOR"].)  Now before the Court is Plaintiff's unopposed motion to remand, in which Plaintiff argues that $75,000 is not in controversy.  (Dkt. 14.)

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up).  A defendant may remove to federal district court a civil action brought in state court over which a federal court may exercise original jurisdiction.  28 U.S.C. § 1441(a).  Federal courts have diversity jurisdiction over suits with more than $75,000 in controversy if the citizenship of each plaintiff is different from that of each defendant.  28 U.S.C. § 1332(a).  The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *id.*, and courts must remand cases to state court when they determine they lack subject matter jurisdiction.  28 U.S.C. § 1447(c).

When a state court complaint does not state an amount in controversy, a defendant seeking to remove the case must prove "by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).  "In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

Plaintiff's motion to remand is **GRANTED**.[1]  Defendant's failure to file an opposition is grounds enough to grant the motion under Central District Local Rule 7-12, which provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."

---

[1] Having read and considered the papers the parties presented, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for September 25, 2023 at 1:30 p.m. is hereby vacated and off calendar.

On the merits, Defendant has also not met its burden to show that $75,000 is in controversy.  To carry its burden, Defendant relied on five damages categories: (1) Labor Code section 226 penalties, which it contended "range in the amount of $5,000 to $15,000 per violation, or from $15,000 to $25,000 if a pattern or practice of misclassification is found," (2) Labor Code section 201–04 penalties, (3) unpaid overtime wages under Labor Code sections 510, 1194, 1197, 1198, and (4) attorney fees.  (NOR ¶ 11.)  However, regarding the first category, damages for Section 226 violations are not as high as Defendant represented.  Rather, an employee is only "entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)."  Cal. Lab. Code § 226(e)(1).  On the second and third categories, Plaintiff does not seek any penalties under Labor Code sections 201–04 or overtime wages under Labor Code sections 510, 1194, 1197, 1198.  (Mot. at 7.)  And on the fourth, Defendant does not include any estimate of how much attorney fees would be.  (*See* NOR ¶ 11.)

Plaintiff does seek a category of damages Defendant does not list in its NOR, statutory penalties under Labor Code section 203 for Defendant's failure to pay all wages owed at the termination of employment.  But an employee may only recover a maximum of thirty days' wages under that statute, and there is no indication that the sum of damages under Section 226, Section 203 penalties, and attorney fees would amount to anywhere close to $75,000 here.  Accordingly, the Court **REMANDS** this case to Orange County Superior Court.

DATED:     September 8, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE